Appeal of **CARROLL CHAIN CO.**    Docket No. **104.**

> A corporate taxpayer operating its business for a part of its first fiscal year after organization, and sustaining a net loss therefrom, is entitled to deduct such loss from taxable income earned in the succeeding taxable year, under section 204(b) of the Revenue Act of 1921.

Submitted October 13, 1924; decided October 30, 1924.

Mr. G. G. McAllister, Treasurer of Carroll Chain Co., for the taxpayer.

*John B. Milliken, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, STERNHAGEN, and LANSDON.

### FINDINGS OF FACT.

The Commissioner and the taxpayer agree that the following are the facts in this case, which facts are therefore made the findings of fact by the Board:

That the amount of the deficiency in question is $365.98; that the Carroll Chain Co. was organized and began business operations in

November, 1921; that it operated on a fiscal-year basis, so that the first taxable period was from November 1, 1921, to June 30, 1922; that during its first taxable period the taxpayer suffered a net loss in operating its business, and no tax was due at the end of the first taxable period; that the taxpayer filed a return for the fiscal year July 1, 1922, to June 30, 1923, and attempted to deduct the loss suffered during the first taxable period as an offset against the profits that were made during the fiscal year beginning July 1, 1922, and ending June 30, 1923, in conformity with what it believed to be the provisions of section 204(b) of the Revenue Act of 1921; that if the taxpayer is entitled to such deduction there is no deficiency in tax and conversely if it is not so entitled there is a deficiency in tax for the year July 1, 1922, to June 30, 1923, of $365.98, which is the deficiency asserted in the so-called 60-day letter mailed by the Commissioner to the taxpayer on August 4, 1924, and not on June 30, 1924, as set forth in the petition of the taxpayer.

### DECISION.

The taxpayer is entitled to deduct from its gross income for the fiscal year ended June 30, 1923, the net loss sustained for the fiscal year ended June 30, 1922. The deficiency in tax found by the Commissioner, arising from the disallowance of this item, shall not be assessed.

### OPINION.

LANSDON: There being no controversy over the facts in this case, it remains only for the Board to determine whether the Commissioner erred in disallowing the loss suffered in business operations by this taxpayer during the period November 1, 1921, to June 30, 1922, as a proper deduction from the taxable income of the taxpayer, resulting from profits earned during the fiscal year July 1, 1922, and ended June 30, 1923. As his reason for such disallowance, the Commissioner asserts that the deductions provided in section 204(b) are to be allowed only when the taxpayer was in operation as a going business concern during the entire 12 months of the preceding fiscal year in which loss was suffered, and relies on the language of the section in question and of section 200 to support his contention.

Section 204(b) of the Revenue Act of 1921, authorizing a taxpayer to deduct losses sustained in any taxable year from taxable income earned in a subsequent taxable year or years, was inserted for the purpose of establishing a more equitable basis for computing taxes on income earned in business operations continuing from year to year. It would have been entirely proper for Congress to have made explicit provision for computing the taxes of enterprises operating for only a part of the first year of their existence, and it would have been obviously unjust for Congress to grant such a beneficial privilege to going concerns and, in the same Act, deny equally necessary relief to newly established enterprises. It is clear either that Congress overlooked the claims of concerns operating for only a part of their first fiscal year or assumed that the term fiscal year, as used in the Act, means the 12-months' period terminating on a specified date entirely without regard as to whether the taxpayer had

actually and literally operated on each and every business day of such 12-months' period.

The Commissioner held that as the Act does not specifically provide that deductions may be made for an operating period of less than one year he must conclude that the Congress did not intend that such deductions should be allowed. It is a rather violent assumption to take it for granted that Congress, designing to impose certain conditions on taxpayers, would so construct the statute that each and every taxpayer could evade the application of such provisions to himself by the performance of a perfectly legal voluntary act; that is, by electing to begin business on the 1st day of any month and to keep his accounts on the basis of a fiscal year ending 12 months from the date of beginning operations. In the case at bar the taxpayer could have escaped controversy with the Commissioner by electing to keep its accounts on the basis of a fiscal year ended October 31, 1922. It is not reasonable to assume that if Congress had intended the taxpayer should be deprived of the benefit of the provisions of section 204(b) it would have permitted such an easy and obvious method of evading the purpose of the law-making body.

The definition of a fiscal year found in section 200 of the Revenue Act of 1921 was intended to define an accounting period. It specifies eleven separate 12-months' periods, any one of which may be elected as the basis of its accounting system by any taxpayer the nature of whose business requires that its books shall not be kept on a calendar-year basis. The 12 months preceding the close of such a period constitute the fiscal year elected by the taxpayer for bookkeeping purposes. The statute does not require the taxpayer to operate its business during the entire 12 months, but does specifically provide that the year may end, and therefore that the books must be closed on the last day of any month other than December.

It is a well-established principle that taxation must be based only on actual facts and not on mere bookkeeping entries. Because the nature of this taxpayer's business required that its books should be closed at the end of the first eight-months' operation does not in any way affect the facts that it lost money during that period, or that such a loss occurred within the fiscal year elected by the taxpayer as the basis of its accounting, or that such fractional fiscal year was its first taxable year.

The fact that Congress did not intend to deprive taxpayers operating for only part of their first year of business is indicated by section 226 of the Revenue Act of 1921, which makes express provision for returns covering only a portion of a year under certain circumstances therein set forth. That provision was necessary because of unusual conditions which therefore had to be expressly dealt with by Congress. The condition of the taxpayer in the case at bar was natural and in entire accord with the general provisions of section 204(b) and therefore did not require any specific treatment.

It is generally held that laws levying taxes must not be interpreted by implication. The obvious reason for this doctrine is to prevent either the courts or the administrative agents of the taxing body corporate from levying and collecting taxes not clearly and specifically authorized by the legislature, which in all free countries is the only

body clothed with such authority. In the case of the *Bankers Trust Company* v. *Bowers*, 292 Fed., 793, this language is used.

The interpretation of statutes levying taxes must not extend beyond their provisions by implication, nor must they be interpreted beyond the clear import of the language used. In case of doubt they are interpreted strongly against the Government and in favor of the taxpayer.

As both the Commissioner and the taxpayer rely on an interpretation by implication, the one that the mere bookkeeping definition of a fiscal year bars the deduction authorized in section 204(b) to a taxpayer operating for only a part of a 12-months' period and the other that Congress could not have intended to penalize such taxpayer and failed only by inadvertent omission to provide explicitly for its relief, the Board must follow the rule laid down by the courts, and decide in favor of the taxpayer.