WEISSBERGER MOVING & STORAGE COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42780.   Promulgated October 27, 1932.

*Morley S. Wolfe, C. P. A.*, for the petitioner.
*Dean P. Kimball, Esq.*, and *E. C. Adams, Esq.*, for the respondent.

OPINION.

GOODRICH: In this proceeding, which involves the redetermination of a deficiency of $228.49 for the year 1924, but one issue is involved, namely, whether petitioner may deduct from its income for the calendar year 1924 a net loss in the amount of $1,452.90 which it sustained in 1922. We must determine whether the calendar year 1924 is the "next succeeding taxable year" within the meaning of the statute, or whether, under the provisions of section 200 (a) of the Revenue Act of 1924, that calendar year must be divided into two "taxable years" because of an affiliation which occurred on July 1, 1924. The facts were stipulated, and that stipulation we

incorporate herein by reference as our findings of fact. For the purposes of this report the following statement will suffice.

Petitioner was in existence and carrying on its business prior to and during the whole of the year 1924. Its accounts were kept and its returns filed on a calendar year basis. From its operations in 1922 it sustained a net loss of $1,452.90. The Victory Moving & Storage Company likewise was in existence prior to and during the whole of the year 1924. Its accounts were kept and its returns filed on a basis of a fiscal year ending June 30. On July 1, 1924, petitioner acquired the outstanding capital stock of the Victory Company. Thereafter the two companies were affiliated and each continued its operations during the balance of the year 1924. Petitioner filed a consolidated return covering its business for the whole of the year 1924, together with the income of the Victory Company for the period July 1 to December 31, and deducted thereon the net loss it sustained in 1922 and a net loss sustained by the Victory Company for its fiscal year ended June 30, 1924.

Respondent has allowed the latter deduction,. but denied the first beyond the amount of petitioner's income for the period January 1 to June 30, on the ground that the periods before and after affiliation on July 1, each constituted a separate taxable year, within the meaning of section 200 (a), Revenue Act of 1924, and that the net loss of 1922 can not be applied to petitioner's income for the period July 1 to December 31, 1924, regarding that period as the third " succeeding taxable year." Petitioner contends that, so far as its own business was concerned, there was no change requiring it to file a separate return for the period January 1 to June 30, 1924, and that even if it should have filed two returns, the calendar year 1924 is still one taxable year to which the 1922 loss may be applied, citing a number of decisions of this Board and the appellate courts in support of its position.

But the cases relied upon by petitioner arose under revenue acts prior to that of 1924 and were decided in view of the provisions of those prior acts respecting the definition of " a taxable year." The Congress wrote into the Revenue Act of 1924 (section 200 (a)) the following definition respecting the meaning of the term :

The term " taxable year " includes, in the case of a return made for a fractional part of a year under this title or under regulations prescribed by the Commissioner, with the approval of the Secretary, the period for which the return is made * * *.

See *Strain Bros., Inc.*, 19 B. T. A. 601; *Pennsylvania Electric Steel Casting Co.*, 20 B. T. A. 602; *A. S. Siracusa Sons, Inc.*, 23 B. T. A. 53.

Here no separate return for the period January 1 to June 30, 1924, was filed by petitioner, but it seems clear that such a separate return

was required of it, since both corporations were in existence prior to affiliation. *American La Dentelle, Inc.*, 1 B. T. A. 575; *American Steel Co.*, 7 B. T. A. 641; *American Paper Exports, Inc.* v. *Bowers*, 54 Fed. (2d) 508. Cf. *Automatic Fire Alarm Co.*, 13 B. T. A. 1195; *Hutt Cattle Co.*, 17 B. T. A. 818; *Margay Oil Corp.*, 26 B. T. A. 199; *H. S. & M. W. Snyder, Inc.*, 26 B. T. A. 692.

The fact that petitioner failed to file a separate return covering that portion of 1924 prior to affiliation will not serve to defeat the plain intendment of the statute. A return for that period was required and, under section 200 (a) of the Revenue Act of 1924, that period constituted a taxable year for the purposes of applying to petitioner's income a net loss sustained in 1922. *Tolerton & Warfield Co.*, 23 B. T. A. 892.

Respondent has correctly applied to the separate incomes of these corporations after affiliation the net losses sustained by them prior thereto in accordance with *Woolford Realty Co.* v. *Rose*, 286 U. S. 319. (*Joseph & Feiss*, 27 B. T. A. 852, overruled.)

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

VAN FOSSAN, dissenting: I am unable to agree with the majority of the Board in this case. The question presented may be briefly stated: Does each fraction of a year for which a separate return may be required because of a change in the affiliated status during a calendar or fiscal year constitute a " taxable year " in applying the net loss provisions of the statute?

The " net loss " concept first made its appearance in the Revenue Act of 1918 (section 204 (b)). It was enacted as a relief measure to cure the injustice occasioned by a strict application of the theory that each year was to be viewed separately and apart for tax purposes. Prior to this time there was no means afforded a taxpayer whereby heavy losses occasioned in one year might be equalized by offsetting against large profits in other years. The provision allowed a taxpayer to deduct a net loss sustained for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, from net income for the preceding taxable year and to have taxes for the preceding year redetermined accordingly. If this application fell short of affording relief, the taxpayer might apply the remaining excess as a deduction in computing net income for the succeeding taxable year.

The Revenue Act of 1921 made the principle of allowing net losses a permanent policy and provided for the deduction of a net loss for any taxable year beginning after December 31, 1920, from net income of the next succeeding (second) taxable year, and if the net loss be

not thus absorbed, the excess remaining was to be allowed as a deduction in computing net income for the next succeeding (third) taxable year.

The Revenue Act of 1924 (section 206) authorized the deduction of a net loss in computing net income for the succeeding (second) taxable year, and, if not absorbed, allowed a similar deduction in computing net income for the next succeeding (third) taxable year. Similar provisions appear in the Revenue Acts of 1926 (section 206) and 1928 (section 117).

I believe this question to be one that requires a consideration of certain basic principles in income accounting. We start with the concept recognized by the revenue acts in application of the Sixteenth Amendment and often announced by the courts and the Board that the income-tax laws are based on the theory of an annual accounting. (Sec. 212 (b), Revenue Act of 1918,[1] and similar provisions in other acts; *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Woolford Realty Co.* v. *Rose*, 286 U. S. 319; 52 S. Ct. 568.) Similar evidences may be found elsewhere in the revenue acts. (Sec. 200 of the Revenue Act of 1918;[2] sec. 200 (1), 1921 Act.) By parallelism of reasoning it follows that when in 1918 the net loss concept was introduced it was based on the principle of a taxable year of twelve months.

In section 200 (a) of the Revenue Act of 1924 first appears the language that has given rise to the present controversy. After defining a taxable year substantially as it was defined in the 1918 and 1921 Acts, i. e., as a calendar year or a fiscal year of twelve months, the Act of 1924 added the following: "The term 'taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made." The section then concludes with the provision similar to former acts: "The first taxable year, to be called the taxable year 1924, shall be the calendar year 1924

[1] Sec. 212. (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

[2] Sec. 200. That when used in this title—

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918 or any fiscal year ending during the calendar year 1918; * * *.

or any fiscal year ending during the calendar year 1924." The provisions of the Revenue Acts of 1926 and 1928 are substantially identical.

When we inquire the reason for the new provision appearing first in the 1924 Act we find the following statement by the Ways and Means Committee:

In subdivision (a) of this section the term "taxable year" is defined to include a period of less than a year when a return is made for such period. Under the existing law the use of the term "taxable year" in the "net loss" section and other sections has been construed not to cover the case of a return made by a taxpayer for a fractional part of a year with the result that the benefits of such sections are denied the taxpayers who are required by law to make a return for a fractional part of a year.

Similar language in explanation was used by the Finance Committee in its report. It is thus apparent that the provision of the act giving rise to the present controversy was enacted solely as a measure of relief for taxpayers required by whatever circumstance to make a return for a period of less than a full year. And it is this very relief provision which is so construed in the instant case as to deny taxpayers the relief they claim, i. e., the application of net losses to taxable years of twelve months each. The question confronting us is, Did Congress intend and do the revenue acts require such a construction? I think not.

I have indicated that the revenue acts in application of the Sixteenth Amendment contemplate an annual accounting. We have next the pronouncement of the Supreme Court in the *Woolford Realty Co.* case that an affiliated group is not a taxpayer. It is but a convenient device for computing the tax liability of the separate corporations, each of which remains a taxpayer in its own right, regardless of the affiliation. Since the constituent corporations remain as taxpayers throughout affiliation, it would seem to follow that the accounting practice of the corporations may not be ignored, and to do so will violate both the spirit and the letter of section 212 (b) of the Revenue Act of 1926 and similar sections. The fact that the several corporations may be required to make separate returns for periods of less than a year because of changes in the affiliation status seems to raise no insuperable barrier to recognition of the taxpayer's true accounting period in determining real income. Since the corporation and not the affiliated group is the taxpayer and is entitled to its own deductions, including its net loss deductions (*Delaware & Hudson Co.*, 26 B. T. A. 520), it is difficult to understand why the filing of two, or even, ten, returns should affect the actual net income of the taxpayer for the calendar year, which, as provided by section 212 (b), is based on an annual accounting. In the *Delaware & Hudson* case we expressed the thought that the

Supreme Court has indicated that the statutory net loss provisions are to be applied separately to each member of the affiliated group and that the net loss of a corporation sustained prior to affiliation may not be applied to any extent against the net income of another corporation with which the former becomes affiliated. Nor can I detect any reason why a corporation which is otherwise entitled to the benefit of a net loss application should be deprived of the intended relief by reason of its association as an affiliate during part of the time. Certainly this would not have been true prior to the 1924 Revenue Act and I believe it to be a strained construction of the 1924 and later acts that has brought about such a result. If it be said that this ignores the period of affiliation, it may be rejoined that that is what the Supreme Court indicates should be done in determining income of the constituent corporations.

There are conceivable situations in which the provisions of section 200 (a) of the Revenue Act of 1926 and similar provisions in other acts would be properly applicable—for example, where a company is incorporated and begins operations within the year, or where a corporation discontinues or is dissolved, or, again, where it changes its accounting period. See *Pennsylvania Electric Steel Castings Co.*, 20 B. T. A. 602; *Corno Mills Co.*, 21 B. T. A. 712; *Sunburst Refining Co.*, 23 B. T. A. 824. Instances such as these are the fractional parts of a year that Congress had in mind and intended to include in the term " taxable year " as defined in the 1924 Revenue Act. I believe the cited cases were correctly decided. It is, however, a far stretch of Congressional intention to hold that this somewhat parenthetical relief clause first found in the 1924 Revenue Act, and actually intended to broaden the definition of a " taxable year," was designed to work a revolution in the fundamental concept of an annual accounting and fasten on the law the fictional concept resorted to by respondent in this case, that each period for which a return may be filed, however short the period or however many there may be in a calendar year, is a " taxable year " for all purposes under the revenue act.

An examination of the cases on this point that have come before the Board reveals that prior to the Revenue Act of 1924 the Board held that a " taxable year " was a full year of twelve months. See *Tacoma Grocery Co.*, 1 B. T. A. 1062; *Arthur Walker & Co.*, 4 B. T. A. 151; *Strain Bros.*, 19 B. T. A. 601; *General Box Corporation*, 22 B. T. A. 725.

However, in *Tolerton & Warfield Co.*, 23 B. T. A. 892, there was involved the precise question now before us, arising under the 1924 Act. We there held that a period of less than a year, due to a change in the affiliated status, is a taxable year in applying the net

loss provisions of the act. This decision preceded the decision of the Supreme Court in the *Woolford Realty* case, in the light of which decision I now believe our position to have been in error. In that decision the Supreme Court clarified the meaning and status of affiliated corporations and reconciled the concept of an affiliated group with that of the continuing independent existence of the constituent corporations. It also indicated the adherence of the Supreme Court to the underlying principle of an annual accounting. Accepting the principle of an annual accounting and recognizing the statutory right to consider net losses in computing income, and associating therewith the established rule that the corporation remains as the taxpayer, regardless of affiliation, we are led logically to the conclusion that in applying net losses the "taxable year" contemplated by the statute for such a purpose is, except in unusual situations such as have been indicated, a taxable year of twelve months.

SMITH and SEAWELL agree with this dissent.

---

TRAMMELL, dissenting: I dissent on the grounds set forth in my dissenting opinion in the case of *Joseph & Feiss Co.*, 26 B. T. A. 852.