THE JOSEPH & FEISS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46465. Promulgated October 31, 1932.

*A. E. James, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

GOODRICH: Petitioner contends that the calendar year 1926 is the "succeeding taxable year" and the calendar year 1927 is the "next succeeding taxable year" designated in section 206 (a) of the Revenue Act of 1926, and that against the income derived by itself and its affiliate during those years should be applied, to the extent permitted under the decision in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, its net loss sustained in 1925.

Upon facts presenting a situation similar to that here obtaining and raising this same issue under section 200 (b) of the Revenue Act of 1924, the pertinent provisions of which are identical with those of the same section of the 1926 Act, we have heretofore decided adversely to petitioner's contention. *Weissberger Moving & Storage Co.*, 26 B. T. A. 1375.

Reviewed by the BOARD.

*Judgment will be entered for the respondent.*

VAN FOSSAN dissents.

---

TRAMMELL, dissenting: I dissent on the following grounds. First, upon the reasoning of the Circuit Court of Appeals in the case of *United States* v. *Hoffman*, 61 Fed. (2d) 294. Second, even under the Commissioner's regulations no short period return was required under the facts of this case. Third, section 200 defines "taxable year" as follows:

The term "taxable year" includes in the case of the return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made.

It is to be observed that the statute does not define the taxable year as being a period for which a return is required for a period less than a year, but "the period for which such return is made." The taxpayer did not make any return for a fractional part of a year; therefore, under the definition contained in the statute the fractional

years for which, as contended by the respondent, returns should have been made are not fractional year returns. The only taxable years here are periods of twelve months. It is only when the returns are made for fractional parts of years, not when required to be made, that the statute provides that the term " taxable year " shall include a fractional part of a year.

SMITH and SEAWELL agree with this dissent.