## FOUNDERS ASSOCIATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62684. Promulgated November 14, 1933.

*Henry J. Richardson, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

### OPINION.

SMITH: The petitioner contests a deficiency in income tax in the amount of $767.33 for its first fiscal period ended November 30, 1929. The point in issue is the correct method of computing the tax liability for the return period.

The petitioner is a Massachusetts common law trust, created by agreement or declaration of trust on February 4, 1929, upon which date it began business. It adopted November 30 as the end of its fiscal year, closed its books as of November 30, 1929, and thereafter filed its return as an association covering its income from the date of organization to November 30, 1929. The petitioner's net income for the period February 4 to November 30, 1929, was $920,807.26, upon which a tax of $101,288.79 was assessed, under the Revenue Act of 1928 as amended by Public Resolution No. 23, 71st Congress, approved December 16, 1929.

In the determination of the deficiency the respondent, using the same net income, has determined that the correct tax liability is $102,056.12. In making this computation he has spread the net income reported on the return ($920,807.26), over a 12-month period and has assumed that one twelfth of that amount is income for the month of December 1928, and that the tax upon that amount of income should be taxed at the 12 percent rate applicable to income earned within the calendar year 1928. By this method the respondent has determined that the tax due on the one-twelfth part of the net income falling within the month of December 1928 is $9,208.07 instead of $8,440.74 which would be the amount of the tax if it were computed at the 11 percent rate applicable to income falling within the calendar year 1929.

The basis for the respondent's contention is stated in the deficiency notice upon which this computation is predicated, as follows:

In accordance with the provisions of General Counsel's Memorandum 8156 appearing in Cumulative Bulletin IX-2, page 124, it is held that your return is for the full twelve-month period December 1, 1928 to November 30, 1929, although the return only included income received from February 4, 1929 to November 30, 1929.

In General Counsel's Memorandum 8156, above referred to, it appears that a taxpayer was incorporated January 2, 1929, and made its return for the fiscal year ended June 30, 1929. It was held by the respondent that the net income for the return period should be spread over a 12-month period and that six twelfths thereof should be taxed at the 12 percent rate and six twelfths at the 11 percent rate, and *Bankers Trust Co.* v. *Bowers*, 295 Fed. 89, Treasury Decision 3547, Cumulative Bulletin III-1, page 237, is cited in support of the ruling.

In his brief the respondent cites sections 47, 48, and 105 of the Revenue Act of 1928 as authority for the determination of the deficiency. These are set forth in material part in the margin.[1]

---

[1] SEC. 47. RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

(a) *Returns for short period resulting from change of accounting period.*—If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

(b) *Income computed on basis of short period.*—Where a separate return is made under subsection (a) on account of a change in the accounting period, and *in all other cases where a separate return is required or permitted,* by regulations prescribed by the Commissioner with the approval of the Secretary, *to be made for a fractional part of a year,* then the income shall be computed on the basis of the period for which separate return is made. [Italics supplied.]

(c) *Income placed on annual basis.*—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months.

SEC. 48. DEFINITIONS.

When used in this title—

(a) *Taxable year.*—" Taxable year " means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. " Taxable year " includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1928, shall be the calendar year 1928 or any fiscal year ending during the calendar year 1928.

(b) *Fiscal year.*—" Fiscal year " means an accounting period of twelve months ending on the last day of any month other than December.

SEC. 105. TAXABLE PERIOD EMBRACING YEARS WITH DIFFERENT LAWS.

If it is necessary to compute the tax for a period beginning in one calendar year (hereinafter in this section called " first calendar year ") and ending in the following calendar year (hereinafter in this section called " second calendar year ") and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then the tax under this title for the period ending during the second calendar year shall be the sum of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period.

We are of opinion that the respondent has incorrectly applied the statute to the facts in the present case. In the first place, we have not a taxable period embracing years with different laws. All of the petitioner's income was earned within the calendar year 1929. It was not in existence during any part of the calendar year 1928. Section 105, therefore, has no application to this proceeding. Likewise, section 47 (a) has no application, for the taxpayer has not, with the approval of the Commissioner, changed the basis of computing net income from fiscal year to calendar year or vice versa. The only portion of section 47 applicable to the facts here presented is the following language in subdivision (b) :

\* \* \* in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made.

In article 324 of Regulations 74 it is stated:

\* \* \* Except in the case of a first return for income tax a taxpayer shall make his return on the basis (fiscal or calendar year) upon which he had made his return for the taxable year immediately preceding \* \* \*.

In article 371 of Regulations 74 it is stated:

\* \* \* The tax on net income computed on the basis of the period for which a separate return is made shall be paid thereon at the rate for the calendar year in which such period is included. \* \* \*

We think that this latter regulation aptly fits the facts in the instant case. There can be no question but that the rate applicable to income falling within the calendar year 1929, under Public Resolution No. 23, 71st Congress, approved December 16, 1929, is at the rate of 11 percent of the net income. That resolution reads in part as follows:

PUBLIC RESOLUTION—NO. 23—71ST CONGRESS

H.J.Res. 133.

Joint Resolution Reducing rates of income tax for the calendar year 1929.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That in lieu of such rates of income tax specified in the Revenue Act of 1928 (United States Code, Supplement III, title 26, chapter 24) as are set forth in the following table, which under such Act are applicable to the calendar year 1929, the rates applicable to such year shall be those set forth in such table:

| Sections of Revenue Act of 1928 | Description of tax | New rate applicable to cal. yr. 1929 | Rate under 1928 Act |
|---|---|---|---|
| \* \* \* \* | \* \* | \* | |
| Section 13 (U.S.C. Sup. III, title 26, section 2013). | Tax on corporations___ | 11% | 12% |
| \* \* \* \* | \* \* | | \* |

Sec. 2. This joint resolution shall take effect as of January 1, 1929. Approved, December 16, 1929.

The decision of the Circuit Court of Appeals for the Second Circuit in *Bankers Trust Co.* v. *Bowers, supra*, has no application to the proceeding at bar. In that case the court held that a return made for a decedent by his executors of the income received by the decedent during the calendar year 1921, in which he died, and a return made by them for his estate of the income received by the estate during the same calendar year, are returns for the full calendar year. This is far from saying that the income received by a corporation from the date of its organization in 1929 to the end of its fiscal year ended in 1929 is in part income for a period within the calendar year 1928 and subject to tax at the rate applicable to income received within the year 1928. In point of fact the petitioner had no income in 1928 and in our opinion it was not the intention of Congress to tax the petitioner upon income earned in 1929 as though a part of it were earned in 1928.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

---

Goodrich, dissenting: I disagree with the majority opinion. Here, respondent has treated petitioner's return as one for a fiscal year and has computed the tax upon that basis, applying the rates in effect during the 12 months preceding the closing date of the fiscal year. True, of those 12 months, one falls back in 1928, when the rate was higher than it was in 1929 and when petitioner was not in existence, but that is not saying, as the majority opinion infers it is, that income earned in 1929 is income earned in 1928. That is only taxing the income earned by petitioner during its fiscal year at the rates prevailing during the whole of that year, which, in my opinion, is correct.

The fundamental inquiry is whether the period between the date petitioner was organized and the close of its fiscal year is a "taxable year" within the meaning of that term as used in the statute, so that the tax must be computed on the basis of a full year of 12 months, or whether that period may be covered by a return for a fractional part of a year and the tax computed upon that basis.

Any doubt concerning the meaning of the term "taxable year" was removed by the enactment of section 200 (a) of the Revenue Act of 1924, which defined it as follows:

* * * The term "taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner * * * the period for which the return is made. * * *

See *Weissberger Moving & Storage Co.*, 26 B.T.A. 1375, and cases there cited.

The same definition of the term " taxable year " is found in the 1928 Act (sec. 48 (a)) and the general rule established by the statute (sec. 41 *et seq.*, Revenue Act of 1928) is that the net income shall be computed and taxed upon ·the basis of the taxpayer's annual accounting period. Petitioner relies upon paragraph (b) of section 47, which deals with returns for a period of less than 12 months. But it does not expressly provide that the period of less than 12 months from the organization of a taxpayer to the end of its accounting period shall be covered by a separate return and the tax computed on the basis of that period. It provides that such separate returns shall be made, and the tax computed in that manner, *only* where there is a change in the accounting period, or where such a return is required or permitted by the Commissioner's regulations. What regulation has the Commissioner promulgated which requires or permits the filing of a return for a period of less than 12 months, and the computation of the tax upon that basis, in the situation here obtaining? Petitioner fails to bring such a regulation to our attention, nor do we find any. On the contrary, respondent's regulation covering this matter of returns for periods of less than 12 months clearly indicates that the income shall be computed upon an annual basis *except* where the return is occasioned by a change in the accounting period. This view finds support in respondent's ruling of long standing, interpretative of his regulation, to the effect that a corporate return from date of incorporation to the end of the first accounting period, though covering a period of less than 12 months, is a return for the period of a full year, not for a fractional part of a year, and the statutory exemption is not to be correspondingly decreased. See G.C.M. 2292, VI-2 C.B. 78. Cf. *Bankers Trust Co.* v. *Bowers*, 295 Fed. 89. See also *Carrol Chain Co.*, 1 B.T.A. 38 (8 Fed. (2d) 529). This ruling has been followed in G.C.M. 8156, IX-2 C.B. 124, promulgated to govern a situation arising upon facts almost identical with those in the case at bar; it is neither erroneous nor unreasonable and is here controlling. Respondent's determination should be sustained.

STERNHAGEN and LEECH agree with this dissent.