UNITED STATES TRUCKING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50000. Promulgated January 30, 1934.

*Josiah Willard, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of the liability, at law or in equity, of the petitioner as a transferee of assets of a prior corporation of the same name, in respect of deficiencies in income tax of the transferor for the calendar years 1925 and 1926 in the amounts of $13,589.15 and $12,231.59, respectively.

On December 12, 1919, a corporation known as the United States Trucking Corporation was organized under the laws of the State of New York, and for the calendar year 1923 this corporation sustained a net loss of $107,540.74. On May 29, 1924, the transferor, another corporation of the same name, was organized under the laws of New York, and on or about April 13, 1927, the petitioner herein, a third corporation of the same name, was also organized under the laws of New York. These corporations will be hereafter referred to for convenience as the 1919 corporation, the 1924 corporation, and the 1927 corporation, respectively.

The issues raised by the pleadings are: (1) Whether the petitioner, the 1927 corporation, is a transferee of assets of the 1924 corporation, within the meaning of section 280 of the Revenue Act of 1926; (2) if it is such a transferee, whether or not the net loss suffered by the 1919 corporation for 1923 should be allowed as a deduction in computing the net income for 1925 of the transferor 1924 corporation; and (3) if petitioner is liable as a transferee, then by what amount the income of the transferor corporation for 1925 and 1926 should be reduced on account of depreciation sustained in those years. The parties have stipulated that the 1919 corporation and the 1924 corporation are entitled to certain deductions for depreciation not claimed in the returns or otherwise allowed, which stipulation in effect disposes of issue (3).

The proceeding was submitted upon a stipulation of facts and allegations of the respondent's amended answer admitted in petitioner's reply. All facts so stipulated or admitted are by reference here adopted as our findings of fact, and so much thereof as is deemed pertinent will be stated in connection with our discussion of the issues.

On or about April 14, 1927, the next day after the petitioner was organized, a tripartite agreement was entered into by and between the 1924 corporation, the 1927 corporation (also referred to therein

as the " new corporation "), and the United States Distributing Corporation, reading in material part as follows:

The undersigned corporation (organized under the laws of the State of New York in May 1924) hereby offers to sell and convey to the United States Trucking Corporation (organized as a New York corporation in April, 1927 in accordance with the provisions of Section 22 of the New York Stock Corporation Law) all of its property, rights, privileges and franchises, including its good-will and the right to use its corporate name, for and in consideration of the new United States Trucking Corporation assuming all obligations and liabilities of the undersigned corporation, whether accrued or to accrue in the future, and in further consideration of the new United States Trucking Corporation issuing to United States Distributing Corporation all of its authorized capital stock, consisting of Twenty-one thousand (21,000) shares of 7% cumulative preferred stock of the par value of $100 per share and Ten thousand (10,000) shares of common stock without par value, whereupon United States Distributing Corporation shall forthwith issue to the undersigned corporation, or to its nominee or nominees, Forty-one thousand nine hundred and ten (41,910) shares of new convertible 7% cumulative preferred stock of the par value of $100 per share and One hundred nineteen thousand seven hundred (119,700) shares of new common stock without par value of United States Distributing Corporation.

To evidence the agreement upon the part of United States Distributing Corporation to issue such amounts of its preferred and new common stock, as above set forth, that corporation has executed the below approval of this offer.

The foregoing agreement was in the form of a letter signed by the 1924 corporation and addressed to the incorporators and directors of the 1927 corporation, which was " accepted " by the latter corporation and " approved " by the United States Distributing Corporation.

The provisions of this agreement were carried out forthwith, and pursuant thereto the stockholders of the 1924 corporation received the stock of the United States Distributing Corporation as nominees of the 1924 corporation.

The aggregate market value of the preferred and common stock of the United States Distributing Corporation issued to the 1924 corporation was in excess of the liabilities of the 1924 corporation at the time of the transfer of its assets to the 1927 corporation, including the Federal income tax liabilities for 1925 and 1926 at issue in this proceeding. The net value of the assets (assets less liabilities) of the 1924 corporation at the time of the transfer was in excess of the tax liabilities in question with interest thereon.

At the time of the transfer of the assets of the 1924 corporation to the 1927 corporation, the United States Distributing Corporation owned all of the 10,000 shares of the prior preference stock of the 1924 corporation, 12,220 out of the 25,842 outstanding shares of its preferred stock, 16,658 out of the 23,642 outstanding shares of its class A stock, and 36,657 out of the 45,534 outstanding shares of its class B stock.

The first issue for consideration is whether or not the petitioner is liable, at law or in equity, as a transferee of property of the taxpayer (1924) corporation, in respect of the latter's taxes, within the meaning of section 280 (a) of the Revenue Act of 1926, which in material part is set out in the margin.[1]

The respondent contends that the facts hereinabove stated establish the liability of the petitioner, both at law and in equity, as a transferee within the purview of the quoted statute; while the petitioner contends that the same facts show that it has no liability either at law or in equity, as a transferee, which is enforceable by the remedy provided in that statute.

More specifically, the first question arising under this issue is whether the petitioner is liable as a transferee for the taxes of the 1924 corporation by reason of its agreement to assume the obligations of the latter; and, if so, whether such contractual liability may be enforced by the remedy provided in section 280.

By this contract the petitioner agreed to assume " all obligations and liabilities of the undersigned [1924] corporation whether accrued or to accrue in the future." While the deficiencies in tax due from the 1924 corporation for the years 1925 and 1926 had not been determined and asserted by the respondent in 1927 at the date the contract of assumption was executed, nevertheless they constituted valid obligations of the taxpayer existing at that time, and the language used in the contract, we think, is clearly broad enough to bring them within the " obligations and liabilities " assumed by the petitioner. In fact, petitioner does not contend that the taxes in controversy are not embraced within the terms of its contract of assumption, nor that it is not liable therefor under the contract, but defends on the ground that such liability may not be enforced by the remedy provided in section 280.

The precise issue presented here was considered by us in *American Equitable Assurance Co. of New York*, 27 B.T.A. 247, adversely to petitioner's contentions. There we reached the conclusion that the liability of the petitioner arising from its contract to pay the tax of the vendor corporation was enforceable in behalf of the United States by a proper court action, and, being such a liability, held it might be enforced against the petitioner under section 280 of the Revenue Act of 1926. Our decision in that case was affirmed by the

---

[1] SEC. 280 (a). The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by this title * * * :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits Tax Act.

United States Circuit Court of Appeals for the Second Circuit, 68 Fed. (2d) 46.

On authority of the decision cited, we hold that this petitioner, on its contract of assumption, is liable for the taxes of the 1924 corporation as a transferee under the provisions of section 280 of the Revenue Act of 1926.

The conclusion stated requires us to consider the second issue— whether the net loss sustained by the 1919 corporation for the year 1923 is allowable as a deduction in computing the net income of the 1924 corporation for 1925.

The stipulated facts show that Independent Warehouses, Inc., became affiliated with the 1919 corporation on or about March 31, 1924, and the 1924 corporation was organized on May 29, 1924. On or about June 5, 1924, the 1919 corporation transferred its assets to the 1924 corporation. The 1919 corporation sustained a net loss for 1923. Only one return was filed by the 1919 and 1924 corporations for 1924. The respondent determined that two returns should have been filed for that year, one for the period January 1 to March 31, 1924, and the other for the period April 1 to December 31, 1924.

The Revenue Act of 1926 provides in section 206 for the deduction of net losses as follows:

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); * * *

The same provisions were contained in section 206 (b) of the Revenue Act of 1924.

The taxpayer (1924) corporation was organized in accordance with the provisions of section 22 of the New York Stock Corporation Law, which provided that upon expiration of 15 days from the filing of the certificate of incorporation of the new (1924) corporation, the corporate existence of the old (1919) corporation should cease and it should be deemed dissolved. It follows, therefore, that the 1919 and 1924 corporations were separate legal entities and different taxpayers, and a net loss sustained by the former is not deductible by the latter. In such a situation we have repeatedly held that a net loss of a predecessor corporation cannot be deducted in computing net income of the successor corporation. *Maytag Co.*, 17 B.T.A. 182; *Athol Mfg. Co.*, 22 B.T.A. 105; affd., 54 Fed. (2d) 230; *Overbrook Natl. Bank of Philadelphia*, 23 B.T.A. 1390; *New Colonial Ice Cream Co.*, 24 B.T.A. 886.

Petitioner's contention that the taxpayer corporation is entitled to deduct the net loss of its predecessor may also well be denied on another ground. The respondent's determination that two returns should have been filed for the year 1924 is correct, and since the period January 1 to March 31, 1924, constituted the "succeeding taxable year" in relation to 1923, when the net loss in question was sustained, and the period April 1 to December 31, 1924, constituted the "next succeeding taxable year" within the meaning of the quoted statute, the 1924 corporation is not in any event entitled to deduct, in computing net income for 1925, any portion of the net loss not absorbed in 1924. *Weissberger Moving & Storage Co.*, 26 B.T.A. 1375; *Joseph & Feiss Co.*, 26 B.T.A. 1424; *Arnold, Constable Corp.*, 26 B.T.A. 1427; *Crossett Western Co.*, 27 B.T.A. 258.

Respondent's action on this issue is approved.

The parties have stipulated that the 1924 corporation is entitled to additional deductions from gross income for 1925 and 1926 on account of depreciation sustained in those years in the respective amounts of $4,763.40 and $5,826.13. The stipulated deductions will be allowed in recomputing the deficiencies.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

VAN FOSSAN and ADAMS concur in the result only.